Filed 5/28/14  Ram Pizza v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RAM PIZZA, INC., et al., | |
| Petitioners, | E060399 |
| v. | (Super.Ct.No. RIC 1100608) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| DOMINOS PIZZA, et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Richard J. Oberholzer, Judge.  (Retired Judge of the Kern Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Granted in part and denied in part.

Reid & Hellyer, Michael G. Kerbs and David G. Moore for Petitioners.

No appearance for Respondent.

1

Kolar & Associates, Elizabeth L. Kolar and Michelle A. Burr for Real Parties in Interest.

In this matter we have reviewed the petition and the opposition filed by real parties in interest.  We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate.  (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)  We will grant the petition in part and deny in part.

## DISCUSSION

With respect to petitioners' cause of action for breach of contract, real parties relied on the fact that petitioners never presented a formal request for approval of the transfer of the franchises and the required information about the proposed transferee. However, petitioners' assertion that real parties' representative clearly informed petitioners that the proposed transferee would *not* be approved could, on a persuasive and detailed evidentiary showing, be found to excuse petitioners' failure to perform that condition or obligation.  (See generally Civ. Code, §§ 1440, 1515; *San Bernardino Valley Water Development Co. v. San Bernardino Valley Municipal Water Dist.* (1965) 236 Cal.App.2d 238.)  Hence, in our view this cause of action should have been allowed to proceed to trial.

As petitioners point out in their petition for rehearing, substantially the same analysis applies to the cause of action for breach of the implied covenant of good faith and fair dealing, and we granted rehearing to consider that issue. Real parties in interest argue again that conduct which is not a breach of contract cannot support a claim for breach of the implied covenant, and we agree. (See *Agosta v. Astor* (2004) 120 Cal.App.4th 596, 607.) But the gravamen of petitioners' claims is that real parties in interest did not exercise their right of refusal in good faith when they allegedly informed petitioners that the proposed transferee was not acceptable. If supported by sufficient evidence, this would also permit petitioners to pursue a claim of breach of the implied covenant of good faith.

DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order granting summary adjudication of the causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, and to enter a new order denying real parties' motion in that respect. In all other respects the petition is denied.

3

Petitioners are directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. In the interests of justice, the parties shall bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING

J.

We concur:

RICHLI

Acting P. J.

MILLER

J.